THE BOARD OF EDUCATION OF THE CITY OF NICKERSON, *Plaintiff*, v. W. E. DAVIS, as State Auditor, etc., *Defendant*.

No. 18,875.

SYLLABUS BY THE COURT.

BOARDS OF EDUCATION—*Cities—No Power to Acquire Lands for Agricultural Purposes.* Chapter 86 of. the Laws of 1909 (Gen. Stat. 1909, § 7860), authorizing the board of education in cities of the first or second class, or any school district in which is located a city of the third class, to acquire land for use as sites for school buildings, playgrounds, additions and extensions thereto, does not confer upon such boards power to purchase land to be used for the purpose of teaching agriculture to the pupils of such schools.

Original proceeding in mandamus. Opinion filed October 11, 1913. Writ denied.

*Hugh T. Fisher,* and *M. O. Lock,* both of Topeka, for the plaintiff.

*John S. Dawson,* attorney-general, and *S. N. Hawkes,* assistant attorney-general, for the defendant.

The opinion of the court was delivered by

PORTER, J.: Original proceeding in mandamus to compel W. E. Davis, auditor of state, to register certain bonds voted by the school district in which is situated the city of Nickerson.

The bonds were issued for the purpose of purchasing a tract of land to be used in teaching agriculture to the pupils of the public schools of the city. There is no express authority for the proceedings under which the bonds were voted; but the plaintiff contends that authority to issue bonds for the purpose in question is necessarily implied from certain powers vested by the legislature in boards of education. The particular statute invoked is chapter 86 of the Laws of 1909 (Gen. Stat. 1909, § 7860), wherein the board of education or school district is given authority to appropriate private property for its use "for sites for school buildings, playgrounds, or any addition or extension to any school-building site or playground already selected."

The claim is made that, since the board of education has power to purchase and pay for land to be used for playgrounds and as sites for buildings in which the pupils may be instructed in history and mathematics, without any mention in the statute of the subjects to be taught, it follows by necessary implication that such board may purchase a tract of land for the practical teaching of agriculture when bonds have been voted for that express purpose by the electors of the district, and where the issue of such bonds is within the limit of indebtedness of the district.

Some stress is laid upon the general powers conferred upon such boards to make their own rules and regulations and to "establish a high school whenever in their opinion the educational interests of the city demand; and to exercise the sole control over the schools and school property of the city," as provided in section 7600 of the General Statutes of 1909.

We have not been impressed with the force of the argument. The whole case, as we view it, turns upon the construction of the term "site or sites" as employed in the statute. Since 1868 boards of education have been authorized to acquire land for "a site or sites" for school purposes. (Gen. Stat. 1868, ch. 19, § 76.) In every amendment from that time until 1909 the language used has been the same. In 1909 the legislature amended the law to include "playgrounds," manifestly construing the former provision for a "site or sites" as not including land to be used for such purpose. Section 2 of the later act provides that:

"Whenever it shall be deemed necessary by the board of education of any city of the first or second class, or any school district in which is located a city of the third class, to appropriate any private property for its use for sites for school buildings, playgrounds, or any addition or extension to any school building site or playground already selected, the board . . . shall make an order declaring that the appropriation of such land is necessary, and setting forth for what purposes the same is to be used."

It is quite obvious that had it been intended to confer upon boards of education authority to purchase land for the purpose of having practical agriculture taught to the pupils of city schools, the legislature would have found appropriate terms in which to express the intention. It can not be implied from the terms of the statute authorizing the purchase of sites for schools, nor from any statute conferring general powers upon boards of education to manage and control the schools and school property within their districts.

The writ will be denied.